UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELINA BENTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-17820** |
| **PROBATION AND PAROLE STATE OF LOUISIANA** | **SECTION "B"(3)** |

### ORDER AND REASONS

Plaintiff Angelina Benton filed suit against Defendant Probation and Parole of the State of Louisiana. Rec. Doc. 1. Defendant filed a motion to dismiss. Rec. Doc. 11. Plaintiff has attempted to file an opposition, but it has been deficient both times. *See* Rec. Docs. 12-15. For the reasons discussed below,

**IT IS ORDERED** that Defendant's motion (Rec. Doc. 11) is **GRANTED**, without prejudice to Plaintiff's right to assert claims against the proper defendant officials, either by amendment or a new complaint.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Angelina Benton filed suit against the Department of Probation and Parole of the State of Louisiana. Rec. Doc. 1. Plaintiff alleges she was wrongfully arrested in St. Tammany Parish, Louisiana, wrongfully incarcerated for 23 months, served six and one-half months on probation and parole, and was attacked while in prison. *Id*. Defendant filed a motion to dismiss for lack of subject matter jurisdiction, insufficient service, and failure to state a claim upon which relief can be granted. Rec. Doc. 11.

Plaintiff filed deficient memoranda in opposition to Defendant's motion and has not cured the deficiency. Rec. Docs. 12-15.

**LAW AND ANALYSIS**

"Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state." *Warnock v. Pecos Cty.*, 88 F.3d 342, 343 (5th Cir. 1996). Plaintiff is prohibited from bringing this claim because the Eleventh Amendment bars states and their agencies from being sued by private parties. *See Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978) (per curiam); *see also Clay v. Tex. Women's Univ.*, 728 F.2d 714, 715-16 (5th Cir. 1984).[1] The only defendant named in Plaintiff's complaint is Louisiana Probation and Parole, Rec. Doc. 1, an agency of the State of Louisiana, so Plaintiff's claims must be dismissed. *See Bell v. Dept. of Parole & Prob.*, No. 07-911, 2008 WL 577549, at *2 (M.D. La. Mar. 3, 2008); *Pharr v. Davis*, No. 10-cv-1817, 2012 WL 622965, at *3-4 (W.D. La. Jan. 5, 2012); *Perkins v. La. Parole Bd.*, No. 12-780, 2013 WL 5934706, at *3 (M.D. La. Nov. 5, 2013). Instead of suing a state agency, a plaintiff may sue a state official in his or her personal capacity or in his or her official capacity for injunctive relief. *See, e.g.*, *Raj v. La. State Univ.*, 714 F.3d 322, 327-29 (5th Cir. 2013); *Kentucky v. Graham*, 473 U.S. 159,

---

[1] Plaintiff seeks monetary damages for illegal incarceration. Rec. Doc. 1. It appears that Plaintiff seeks relief under 42 U.S.C. § 1983 which, which would invoke federal question jurisdiction.

168-71 (1985); *Flowers v. Phelps*, 964 F.2d 400, 401-02 (5th Cir. 1992) (per curiam).

New Orleans, Louisiana, this 8th day of August, 2018.

                                   _____
                                   SENIOR UNITED STATES DISTRICT JUDGE